## No. 4631.

### City of New Orleans *v.* Salamander Insurance Company.

Each proviso, the one in section 15 of act No. 42, approved March 3, 1871, and the other in section 15 of act No. 14, approved March 5, 1872, refers simply to the license tax, and not to taxation on the property, capital, etc., of insurance companies.

Under the act of 1871, the payment of $1000 as a license, and of one per centum on the premiums earned from policies issued through agencies in the State, in addition to said license, will exempt the company from any other license for doing business throughout or in any part of the State—the one per centum being considered sufficient from the agencies in the State, and the $1000 from the mother company.

The act of 1872 treats only of the subject of licenses, and is limited to that only.

When a law is susceptible of two constructions, the one which will give effect to the law, rather than the one which would render the law unconstitutional, must be adopted.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Roselius & Philips*, for defendant and appellant. *G. S. Lacey*, city attorney, for plaintiff and appellee.

Howell, J. The only question for decision in this case is, according to the statement of facts, "whether the Salamander Insurance Company could be taxed for the payment of any municipal tax whatever—said company having paid to the State the license tax of $1000, called for under paragraph No. 15, section No. 3, of act No. 42, of the Legislature of Louisiana, approved March 3, 1871, and paragraph No. 15, section No. 1, of act No. 14, approved March 5, 1872, during said years 1871 and 1872."

The portions of said acts applicable to the question are as follow:

Section 3 (act 1871). " That there shall be levied and collected an annual amount as a license or tax:

*Fifteenth*—"From each insurance company with a capital of one hundred thousand dollars or more, incorporated by or under the laws of this State, and transacting an insurance business therein, one thousand · dollars; * . * * * *provided*, that no insurance company whose license tax shall be one thousand dollars shall be liable to any assessment throughout the State other than that imposed by this article and by section six of this act."

Section 6. " That from every insurer or insurance company transacting an insurance business in this State, there shall be collected, in addition to the licenses in such cases hereinbefore provided for, an annual tax of one per centum upon the gross amount of the premiums earned each year from policies issued through agencies in the State."

Section 1 (act 1872). " That there shall be levied and collected an annual amount as a license or tax :

*Fifteenth*—" From each agent or representative of an insurance company, by or under the laws of this State, and transacting an insurance business therein, one thousand dollars; * * * *provided*, that no insurance company whose license tax shall be one thousand dollars, shall be liable to any assessment—State, parish or municipal through-

out the State—other than that imposed by this article and by section six of this act."

Section six of this act simply makes the act take effect from and after its passage.

Notwithstanding the above legislation, the city of New Orleans, in the years 1871 and 1872, imposed a tax upon the defendant under the head of "Merchandise, Capital and Money at Interest."

Upon examining the above statutes, we have come to the conclusion that each proviso refers simply to the license tax, and not to taxation on the property, capital, etc., of insurance companies. Under the act of 1871, the payment of one thousand dollars as a license, and of one per centum on the premiums earned from policies issued through agencies in the State, in addition to the said license, will exempt the company from any other license for doing business throughout or in any part of the State, the one per centum being considered sufficient from the agencies in the State, and the one thousand dollars for the mother company.

The act of 1872 treats only of the subject for licenses, and is limited to that one subject.

When a law is susceptible of two constructions, we will adopt the one which will give effect to the law, rather than the one which would render the law unconstitutional.

Judgment affirmed.

Rehearing refused.